**Cite as:  Opinion No. 94-065 (December 22, 1994)]**
**(unpublished)**

**PUBLIC OFFICERS AND EMPLOYEES ) GENERAL ASSEMBLY )
SHERIFFS ) MEMBER OF GENERAL ASSEMBLY MAY SERVE
SIMULTANEOUSLY AS ASSISTANT SHERIFF**

December 22, 1994

*The Honorable Mary A. Conroy*
*The Honorable James W. Hubbard*
*House of Delegates*

You have each requested an opinion whether a member of the House of Delegates may serve simultaneously as an assistant sheriff in Prince George's County.  In addition, Delegate Conroy asked whether a member of the General Assembly may be appointed to an office, the salary of which was increased during the member's term of office.

For the reasons stated below, we conclude as follows:

(1)    A member of the House of Delegates may serve simultaneously as an assistant sheriff in Prince George's County.

(2)     A member of the General Assembly may not be appointed to an office, the salary of which was increased during the member's term of office.  This prohibition does not apply, however, to appointment to a position that is not an office created by the Constitution or by a legislative enactment.

# I
## Simultaneous Service as Assistant Sheriff

In a recent letter of advice to Delegate Hubbard, Assistant Attorney General Robert A. Zarnoch, Counsel to the General Assembly, advised that no provision of the Maryland Constitution or Declaration of Rights prevents a member of the House of Delegates from simultaneously serving as an assistant sheriff in Prince George's County.  Copies of that letter and an earlier advice letter to Delegate Harkins on point are attached.

The crux of Mr. Zarnoch's reasoning, with which we agree, is that the position of assistant sheriff in Prince George's County was not created by the Constitution or laws of the State.  Rather, the position is essentially a supervisory level deputy sheriff.  For the reasons explained by Mr. Zarnoch, although deputy sheriffs certainly have attributes of a public office, the common law origins of the position remove it from the scope of constitutional prohibitions on dual office-holding. *Turner v. Holtzman*, 54 Md. 148 (1880).  *See also* 54 *Opinions of the Attorney General* 69 (1969); 27 *Opinions of the Attorney General* 287 (1942); 7 *Opinions of the Attorney General* 469 (1922).  Deputy sheriffs are probably unique in this respect in the world of law enforcement officers, but this uniqueness results from the historical antecedents of their position.[1]

As Delegate Conroy pointed out in her request for this opinion, §2-309(r) of the Courts and Judicial Proceedings Article, Maryland Code, mentions the position of assistant sheriff in Prince George's County.  In particular, §2-309(r)(2) authorizes the appointment of assistant sheriffs and specifies certain aspects of their remuneration.  But Mr. Zarnoch is correct in his conclusion that "this provision evidences no intent to create the position as a separate public

---

[1] For the reasons explained in Mr. Zarnoch's 1990 letter to Delegate Harkins, we have no basis in the later decisions of the Court of Appeals to conclude that *Turner v. Holtzman* is no longer good law.  We are not free to depart from a holding of the Court of Appeals, however old, without some firm basis for the belief that the old precedent has been effectively overruled.

office." The provision does not delineate the duties of the position or in any meaningful sense create it. The authorization set out in subsection (r)(2) is not significantly different in this regard than the paragraphs elsewhere in the subsection dealing with deputy sheriffs. An assistant sheriff remains a creature of the common law.

## II

### Increase in Salary

Article III, §17 of the Constitution provides as follows:

> No Senator or Delegate, after qualifying as such, notwithstanding he may thereafter resign, shall during the whole period of time for which he was elected, be eligible to any office, which shall have been created, or the salary, or profits of which shall have been increased, during such term.[2]

Although this provision omits any explicit reference to the constitutional or statutory basis for the "office" subject to the prohibition, the Court of Appeals has viewed the prohibition to be essentially the same as that of other similar prohibitions in the Constitution ) that is, limited to offices that were established by the Constitution itself or by statute. *See Board of Supervisors of Elections v. Attorney General*, 246 Md. 417, 229 A.2d 388 (1967). For the reasons stated in Part I above, the position of assistant sheriff in Prince George's County is not such an office.

## III
### Conclusion

In summary, it is our opinion that:

(1)     A member of the House of Delegates may serve simultaneously as an assistant sheriff in Prince George's County.

---

[2] The prohibition in Article III, §17 applies only during the term "for which [the member] was elected ...." Thus, a member of the General Assembly who was elected in 1990 would be ineligible for an office, the salary of which was increased during the four years of that term. The member would be eligible, however, to serve in that office during the term beginning in January, 1995.

(2)	A member of the General Assembly may not be appointed to an office, the salary of which was increased during the member's term of office.  This prohibition does not apply, however, to appointment to a position that is not an office created by the Constitution or by a legislative enactment.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*